UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| 'JR' Kelvin Cornelius Thomas Jr,<br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>"3 Different contract companys",<br>Horry County Police Department,<br>　　　　　　　　　　　　Defendants. | ) C/A: 4:24-4503-JD-TER<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

  This is an action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This case is before the Court due to Plaintiff's failure to comply with the undersigned's order dated August 21, 2024, for Plaintiff to file an Amended Complaint. (ECF No. 6).

  The mail in which the Order was sent to Plaintiff's provided address has not been returned to the court, thus it is presumed that Plaintiff received the Order, but has neglected to comply with the Order within the time permitted under the Order. The Court has not received a response from Plaintiff and the time for compliance has passed.

  "The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff has failed to properly respond to the Order within the time ordered. In a case in which there was an order for a plaintiff to amend his complaint and there was no amended complaint filed, the Fourth Circuit Court of Appeals affirmed the R. 41 dismissal, stating that plaintiff asserted he "chose" to stand on his complaint but plaintiff "cannot choose whether or not to comply with a court order." *Justice v. N. Carolina Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *2 (4th Cir. Jan. 5, 2022)(unpublished)("even if the district court's [prior order] was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant.") Plaintiff's lack of response indicates an intent to not prosecute this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Accordingly, it is recommended that this case be dismissed without prejudice, pursuant to Fed. R. Civ. Proc. R. 41.

Alternatively, this action is subject to summary dismissal for failure to state a claim as Plaintiff did not request any relief from the court in his Complaint. (ECF No. 1). Due to the prohibition of federal courts from issuing advisory opinions, nonspecific requests for relief are subject to summary dismissal. *Grant v. Barnwell Cnty. Det. Ctr.*, No. 4:17-cv-2120-BHH-TER, 2017 WL 4174771, at *2 (D.S.C. Aug. 25, 2017), *report and recommendation adopted*, 2017 WL 4156446 (D.S.C. Sept. 19, 2017)(collecting cases)*; Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v. Young*, 55 Fed. Appx. 187, 188 (4th Cir. 2003)(same). The court is not required to be a "mind reader." *Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Additionally, there were no allegations in Plaintiff's complaint of what defendants did to him in terms of his employment or any identification of his protected class. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 565 n. 10. (2007). Complaints should contain facts in regard to who did what to whom and when. *Id.*

## Recommendation

It is recommended that this action be dismissed without prejudice and without service under Fed. R. Civ. Proc. R. 41, or in the alternative, for failure to state a claim upon which relief can be granted.

|  |  |
|---|---|
| September 27, 2024 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).