IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| 'JR' Kelvin Cornelius Thomas Jr, | ) | Case No.: 4:24-4503-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUMMARY DISMISSAL** |
| "3 Different contract companys", | ) | **ORDER** |
| Horry County Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 12), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of 'JR' Kelvin Cornelius Thomas Jr.'s ("Plaintiff") pleadings.[1]

**A. Background**

Plaintiff, proceeding *pro se*, filed this action alleging a violation under Title VII. On August 21, 2024, the Court advised Plaintiff his complaint was not in proper form for review. (DE 6.) Plaintiff was directed to provide an amended complaint that identified the defendants, the allegations about what the defendants did to him regarding his employment or his protected class, and his request for relief. (*Id.* at 1-

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2.)  Plaintiff was warned that the failure to provide the necessary information within a specific time period may subject the case to dismissal.  (*Id.* at 1*.)*  The time for Plaintiff to file a response to the August 21, 2024, order has expired, and Plaintiff is presumed to have received the proper form order.  Instead, Plaintiff has sent two non-responsive, incoherent letters to the Court, but he has not provided the information as directed by the Court.

**B. Report and Recommendation**

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915.  On September 27, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings.  The Report recommends "[Plaintiff's] case be dismissed without prejudice, pursuant to Fed. R. Civ. Proc. R. 41[]" because "Plaintiff . . . failed to properly respond to the order within the time ordered."  (DE 12 at 2.)  Plaintiff did not object to the Report.

**C. Discussion**

It is well established that a district court has the authority to dismiss a case for failure to prosecute.  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).  In addition to its inherent authority, this Court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Id.* at 630.  As Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court, the Court adopts the Report (DE 12) and

incorporates it here by reference, and the case is dismissed without prejudice under Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

November 5, 2024
Florence, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.